**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BUTLER, et al.,

    Plaintiffs,

    v.

ADOPTION MEDIA, LLC, et al.,

    Defendants.
_____/

No. C 04-0135 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Before the court is plaintiffs motion to strike sixteen of defendants' eighteen affirmative defenses. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part for the following reasons.

**BACKGROUND**

The procedural and factual background of this case is as stated in the order denying defendants' motion to dismiss, filed May 3, 2004, and the order denying defendants' motion for reconsideration, filed April 25, 2005. Briefly, defendants Dale R. Gwilliam and Nathan W. Gwilliam ("the Gwilliams") reside in Arizona. They are the officers and directors of two Arizona limited liability companies – defendants Adoption Media LLC and Adoption Profiles LLC ("the

defendant LLCs"). Defendants operate adoption-related Internet businesses.

Plaintiffs Michael Butler and Richard Butler are same-sex partners who reside in California. They are seeking to adopt a child. After defendants refused to allow plaintiffs to post their personal information on defendants' adoption-related websites, plaintiffs filed this action alleging discrimination in violation of the Unruh Act, California Civil Code § 51, et seq., and also alleging unfair competition and false and misleading advertising, in violation of California Business & Professions Code §§ 17200 and 17500.

Defendants moved to dismiss the complaint for failure to state a claim, for lack of personal jurisdiction, and for improper forum (based on choice-of-law and choice-of-forum provisions in the alleged contract between the parties). Defendants also asserted that applying California law to Arizona residents would amount to state regulation of interstate commerce and would also violate the Due Process Clause of the United States Constitution.

The court denied the motion on all grounds, finding that the complaint states a claim under the Unruh Act and under §§ 17200 and 17500, finding that the court has jurisdiction over the defendants, and finding the choice-of-law and -forum provisions inapplicable because there was never a contract between the parties. With regard to the constitutional challenges, the court found that the Unruh Act on its face imposes no burdens on interstate commerce, and that as applied in this case, it does not impose burdens that are clearly excessive in relation to the local benefits; and also found that the application of California law to defendants' activities affecting California businesses and California residents is not a violation of defendants' due process rights.

In response to the complaint, defendants have asserted 16 affirmative defenses. Plaintiffs do not object to Affirmative Defenses Nos. 11 and 16. Plaintiffs now seek an order striking Nos. 1-10, 12-15, and 17-18. Defendants oppose the motion, except with regard to Nos. 10, 12, and 18 – which they agree to withdraw. In addition, defendants assert that they wish to maintain Nos. 5, 14, and 15, but only to preserve the legal issues for appeal.

/ / /

**DISCUSSION**

A.   Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); see also, e.g., Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Id. at 1527.  Like motions for more definite statement, motions to strike are disfavored in light of the liberal pleading standards of Federal Rule of Civil Procedure 8 and since they are often filed as delaying tactics.  See, e.g., Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996); Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

Affirmative defenses are governed by the same pleading standard as complaints.  Rule 8(b) provides, "A party shall state in short and plain terms the party's defenses to each claim asserted . . . ."  When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party."  In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000).  A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action.  Id.  However, a motion to strike may be granted if the party can show that the statements at issue would prejudice the moving party, or that striking the statements would streamline the case for subsequent litigation and trial.  Fogerty, 984 F.2d at 1528.  A motion to strike is also proper when a defense is insufficient as a matter of law.  Chiron Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).

B.   Plaintiffs' Motion

Plaintiffs argue that ten of defendants' affirmative defenses are effectively out of the case because of the court's denial of the motion to dismiss: Nos. 1-4 (no personal jurisdiction over any defendant); No. 5 (agreement to be bound by Arizona law and venue); No. 6 (failure to state a claim upon which relief can be granted); No. 9 (defendants provide no services in

California); No. 13 (California law does not apply in this action); No. 14 (applying California law to Arizona-based business violates Commerce Clause); and No. 15 (applying California law to Arizona-based business violates Due Process Clause).

Plaintiffs argue that the following affirmative defenses are not legally valid and are impertinent: No. 7 (Adoption Media LLC and Adoption Profiles LLC are not California business establishments; No. 8 (the Gwilliams are not California business establishments); No. 10 (defendants believed they were in compliance with all applicable laws); and No. 17 (if information on defendants' website constitutes false or misleading advertising under § 17500, then that statute is unconstitutionally vague).

1. Affirmative defenses that plaintiffs assert have been foreclosed by ruling on motions to dismiss

   a. Nos. 1-4

In Affirmative Defenses Nos. 1-4, defendants allege that the court does not have personal jurisdiction over, respectively, Adoption Media, LLC; Adoption Profiles, LLC; Dale R. Gwilliam; and Nathan W. Gwilliam.

Plaintiffs argue that the court's denial of the motion to dismiss for lack of personal jurisdiction, and the denial of the motion on reconsideration of that order, effectively means that these defenses are no longer viable.

Defendants make three arguments in response. First, they contend that because the court in its ruling on the motion to dismiss recognized that plaintiffs need only make a prima facie showing of jurisdictional facts, plaintiffs will still bear the burden of proof on personal jurisdiction at the time of trial. In support, they cite Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987); and Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

Second, they assert that Nos. 1-4 require the plaintiffs to prove personal jurisdiction over each defendant for each cause of action. They note that while plaintiffs have alleged that the Gwilliams are alter egos of the defendant LLCs, that particular issue has not been adjudicated. They admit that if that allegation is proven true, then a finding of personal

4

jurisdiction as to the Gwilliams would require a finding of personal jurisdiction as to the LLCs. They argue, however, that if the defendant LLCs are not alter egos of the Gwilliams (as they claim they can establish), then the LLCs cannot be subject to personal jurisdiction based on the Gwilliams' contacts with California or the separate contacts of each LLC.

Third, they contend that neither of the defendant LLCs existed prior to January 2, 2003, and that neither are the successor of the business entity that existed in October 2002 (and which still exists). They argue that the jurisdictional contacts of the defendant LLCs cannot be attributed to each other or to the original business entity.

In reply, plaintiffs argue that the court has already ruled that it has personal jurisdiction, and that these defenses should be stricken. They claim that Data Disc and Lake are not controlling authority because in those cases, the courts made no findings on disputed facts. Instead, they contend, a more relevant case is Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1289 (7th Cir. 1989), where the Seventh Circuit upheld an order striking the defendants' affirmative defenses going to venue and lack of personal jurisdiction, finding them legally insufficient as they were simply restatements of the (previously denied) motions to dismiss.

The court finds that the motion must be DENIED, for the first reason argued by defendants. In making a determination with regard to the existence of personal jurisdiction, the court has discretion whether to rely on written submissions or to hold a full evidentiary hearing. Where the court relies on written submissions (i.e., opts not to hear evidence), the party asserting jurisdiction need only make a prima facie case that personal jurisdiction exists. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 n.3 (9th Cir. 1993). As with challenges to subject matter jurisdiction, the court will accept the plaintiff's jurisdictional allegations as true and will resolve any factual disputes in the plaintiff's favor. See 3 Moore's Federal Practice 3d. §12.31[5] (2004).

If the court denies the motion to dismiss for lack of personal jurisdiction, the case may proceed to trial without any waiver of the jurisdictional challenge. Stewart v. Ragland, 934 F.2d 1033, 1036 n.5 (9th Cir. 1991). If the defendant contests the plaintiff's prima facie

showing, at some point (either at a later evidentiary hearing or at trial) plaintiff will have to prove the existence of minimum contacts by a preponderance of the evidence. Rano, 987 F.2d at 587 n.3; see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2004) § 9:119. In other words, the facts must show by a preponderance of the evidence that the prima facie case for personal jurisdiction has been made. See Data Disc., 557 F.2d at 1285.

Plaintiffs are incorrect in asserting that the rule in Heller controls here, rather than the principles articulated in Data Disc. First, Heller is a Seventh Circuit case, and is therefore not binding on this court. Second, in Heller, the motion to dismiss for lack of personal jurisdiction was denied because the parties had included a forum-selection clause in their contract – agreeing that any dispute would be submitted to a court in Illinois – and the district court found they were bound by that agreement. In other words, the defendants had consented to jurisdiction in Illinois. Thus, the Seventh Circuit found that the motion to dismiss was properly denied and that the affirmative defense of lack of personal jurisdiction was therefore legally insufficient. In Data Disc, by contrast, the parties had not agreed to litigate in a particular forum or to be bound by the law of a particular forum.

Moreover, in Data Disc, the Ninth Circuit set forth the standard for resolving questions of personal jurisdiction, see Data Disc, 557 F.2d at 1284-86, and that standard continues to guide courts in this circuit. The Ninth Circuit held that where a plaintiff's proof is limited to written materials, it is necessary for those materials only to demonstrate facts that support a finding of jurisdiction in order to avoid a motion to dismiss. Id. at 1285. The court added, however, that even where the plaintiff is able to make such a showing, "it does not necessarily mean that he may then go to trial on the merits. If the pleadings and other materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues," and the plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as at trial. Id.

In any event, presenting a prima facie case of jurisdiction "does not necessarily

6

guarantee jurisdiction over the defendant at the time of trial." Lake, 817 F.2d at 1420. "[A]t any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence." Data Disc., 557 F.2d at 1286 n.2. This court reads these statements by the Ninth Circuit as indicating that the obligation to establish personal jurisdiction remains with the plaintiff throughout the case, up through and including trial.

Based on the principles set forth in Data Disc, the court finds that the motion must be DENIED. However, the court will require that, no later than 60 days prior to trial, defendants submit a list of the alleged disputed facts or credibility considerations, which they intend to present to the jury for determination on the factual aspects of this issue.

   b. No. 5

In Affirmative Defense No. 5, defendants allege that plaintiffs agreed to Arizona law and venue.

Plaintiffs argue that this defense is legally insufficient and impertinent because the court specifically found the choice-of-law and choice-of-forum clause to be "ineffective with respect to plaintiffs."

Although defendants seem to acknowledge the court's ruling that the forum selection clause in defendants' agreement was ineffectual (because no contract was formed between plaintiffs and defendants), they have not agreed to withdraw this affirmative defense, but state that they wish to "preserve it for appeal."

The court finds that the motion must be GRANTED, for the reason argued by plaintiffs.

   c. No. 6

In Affirmative Defense No. 6, defendants allege that plaintiffs have failed to state a claim upon which relief can be granted.

Plaintiffs argue that this defense should be stricken because the court has already ruled that the complaint states a claim, in denying defendants' Rule 12(b)(6) motion.

Defendants do not respond to this argument, but they also have not affirmatively stated that they will withdraw this defense.

7

1  The court finds that the motion must be GRANTED, for the reason argued by plaintiffs.

2    d. No. 9

3  In Affirmative Defense No. 9, defendants allege that no defendant provides services in
4  California.

5  Plaintiffs argue that this defense is legally insufficient and impertinent because it does
6  not pertain to any issue in this case.  Plaintiffs note that the court previously found both general
7  and specific jurisdiction, in part because of the services provided to California residents.
8  Plaintiffs contend that this defense should be stricken because there is no remaining
9  jurisdictional issue regarding providing services in California.

10  In opposition, defendants argue that the court's denial of a motion to dismiss cannot
11  constitute a finding of fact about whether defendants provide services in California.  They
12  assert that, as with personal jurisdiction, plaintiffs must prove by a preponderance of the
13  evidence that defendants provide services in California.

14  In reply, plaintiffs argue that defendants are simply restating the position they took in the
15  motion to dismiss, and that such arguments are legally insufficient.

16  The court finds that the motion must be DENIED, for the reasons set forth with regard to
17  Affirmative Defenses Nos. 1-4.

18    e. No. 13

19  In Affirmative Defense No. 13, defendants assert that California law does not apply to
20  this action.

21  Plaintiffs argue that this defense should be stricken because the court rejected this
22  exact argument in ruling on defendants' motion to dismiss.

23  Defendants contend that while the court previously found that Arizona law does not
24  apply, it never ruled that California law controls in this case.  They note that the court stated at
25  the May 12, 2005, Case Management Conference that defendants could file a motion to
26  establish choice of law by July 2005.  They also assert that an important choice-of-law case is
27  pending in the California Supreme Court, which could have a bearing on the choice-of-law
28  question in this case (<u>Kearney v. Solomon Smith Barney</u>, S124739).  They claim that the

question in Kearney is whether California or Georgia law applies to a case in which a party recorded a telephone call in Georgia (legal in Georgia) with a party residing in California (illegal in California). Defendants assert that "we have similar issues in this case" and that "resolution of Kearney will likely have a bearing on the choice-of-law questions" to be decided by this court.

In reply, plaintiffs argue that defendants are simply restating the position they took in the motion to dismiss.

The court finds that the motion must be DENIED. The court previously advised defendants that they would be permitted to file a motion on the issue of choice of law.

### f. Nos. 14 and 15

In Affirmative Defense Nos. 14 and 15, defendants assert that applying California law to defendants' Arizona-based Internet businesses violates, respectively, the Commerce Clause of the U.S. Constitution, and the Due Process Clause of the U.S. Constitution.

Plaintiffs argue that these defenses are legally insufficient and impertinent because the court previously found that plaintiffs' claims as applied do not violate either the Commerce Clause or the Due Process Clause, and that there is therefore no issue remaining with regard to the constitutionality of the application of the California statutes in this case.

Although defendants seem to acknowledge the court's ruling that applying California law in this case is not unconstitutional, they have not agreed to withdraw this affirmative defense, but state that they wish to "preserve it for appeal."

The court finds that the motion must be GRANTED, for the reasons argued by plaintiffs.

## 2. Affirmative defenses that plaintiffs claim are legally insufficient or impertinent

### a. Nos. 7 and 8

In Affirmative Defense No. 7, defendants assert that the defendant LLCs are not California business establishments. In Affirmative Defense No. 8, defendants assert that the Gwilliams are not California business establishments.

Plaintiffs argue that No. 7 is legally insufficient and impertinent because whether the

defendant LLCs are California business establishments does not pertain to any issue in the case. They note that under the Unruh Act, California residents are protected against discrimination by "all business establishments." Cal. Civ. Code § 51. Plaintiffs also contend that this assertion is simply another way of attempting to challenge the court's finding that personal jurisdiction as to all defendants is proper and that plaintiffs have stated a viable claim under the Unruh Act.

Plaintiffs argue that No. 8 is also legally insufficient and impertinent because whether the Gwilliams are California business establishments does not pertain to any issue in the case. The Unruh Act imposes liability on "whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to [other sections of the Act]." Cal. Civ. Code § 52. Plaintiffs also note that the court has already found that it has jurisdiction over those defendants and that the complaint states a viable Unruh Act claim against those defendants.

In opposition, defendants argue that the question whether the Gwilliams and the LLC defendants are California business establishments within the meaning of the Unruh Act is distinct from the question of personal jurisdiction. They assert that in order for the defendants to be subject to the court's personal jurisdiction under the express aiming test, it is not necessary that they be California businesses. They also contend, however, that in order for the Unruh Act to be constitutionally applied to them, they "obviously" must be doing business in California, and assert that because the court has not made a ruling that they are California business establishments for purposes of the Unruh Act, it would be improper to strike these two defenses.

In reply, plaintiffs assert that the argument that defendants are not "California business establishments" is simply a re-hash of defendants' jurisdictional argument and has no bearing on whether the Unruh Act applies. They reiterate that Civil Code § 51 prohibits discrimination by "all business establishments" and does not limit its application to California business establishments, and that Civil Code § 52 makes clear that "whoever" denies civil rights or "whoever" discriminates in violation of the Unruh Act is liable under the Act.

The court finds that the motion must be GRANTED, for the reasons argued by plaintiffs.

c.  No. 10

In Affirmative Defense No. 10, defendants allege that they believed they were in compliance with all applicable laws.

Plaintiffs argue that this defense is legally insufficient and impertinent because ignorance of the applicable law is not an affirmative defense. In support, they cite People v. O'Brien, 96 Cal. 171, 176 (1892), for the proposition that "in the absence of specific language to the contrary, ignorance of the law is not a defense to a charge of its violation."

Defendants have agreed to withdraw this affirmative defense as "no longer necessary." Accordingly, the motion is GRANTED as to this defense.

d.  No. 12

In Affirmative Defense No. 12, defendants assert that social science research based on random samples and generally accepted standard relating to control groups and the number of subjects shows that children do best with both a mother and a father. Defendants interpret this defense as a justification for their practice of refusing to allow singles to post information on their websites.

Plaintiffs argue that this defense should be stricken because "social science" is not a legally recognized defense for violations of either the Unruh Act or §§ 17200 and 17500. They also assert that defendants' personal beliefs about the wisdom of California's decision to prohibit discrimination on the basis of sexual orientation by adoption-related businesses has no bearing on whether defendants have in fact violated that prohibition.

Defendants have agreed to withdraw this affirmative defense as "no longer necessary." Accordingly, the motion is GRANTED as to this defense.

e.  No. 17

In Affirmative Defense No. 17, defendants assert that if the information on their website constitutes false or misleading advertising under § 17500, then that statute is unconstitutionally vague.

Plaintiffs argue that this defense is legally insufficient because plaintiffs have failed to set forth any set of circumstances where § 17500 is unconstitutionally vague as a matter of

law. They also note that the California Supreme Court has ruled that § 17500 is not unconstitutionally vague (citing People v. Witzerman, 105 Cal. Rptr. 284, 291 (1972)). They contend that this defense does not rise to the level of legal sufficiency required by Rule 12(f) and should be stricken.

In opposition, defendants argue that Witzerman does not control, because that case dealt with only a facial challenge to a particular statute, not an "as-applied" challenge. Defendants contend that a statute is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly, and also assert that vague statutes are unconstitutional because they "trap the innocent by not providing fair warning." The advertisement to which plaintiffs object states that ParentProfiles.com has a "diversity" of birthparents, and plaintiffs allege that this constitutes false advertising. Defendants argue that the ordinary meaning of "diversity" is "the condition of being diverse; the inclusion of diverse people (as people of different races and cultures) in a group or organization," and that a person of normal intelligence would not know that the word "diversity" would constitute false and misleading advertising by not including "single people" within the definition.

In reply, plaintiffs argue that No. 17 is not a cognizable affirmative defense. They claim that it is a hypothetical, prospective argument, premised on facts that necessarily must emerge after the merits of the § 17500 claim are adjudicated.

The court finds that the motion must be GRANTED. The court agrees that the proposition that a statute "is unconstitutionally vague IF the information on the website constitutes false or misleading advertising" is a hypothetical and prospective argument, not an affirmative defense.

    f. No. 18

In Affirmative Defense No. 18, defendants allege that plaintiffs have suffered no damages.

Plaintiffs argue that this defense is legally insufficient and impertinent because the Unruh Act provides for statutory damages (citing Cal. Civ. Code § 52). They contend that the

question whether they "suffered" any damages is not a defense to statutory damages.

Defendants have agreed to withdraw this affirmative defense as "no longer necessary." Accordingly, the motion is GRANTED as to this defense.

**CONCLUSION**

In accordance with the foregoing, the court GRANTS the motion as to Affirmative Defenses Nos. 5-8, 10, 12, 14, 15, 17, and 18, and DENIES it as to Affirmative Defenses Nos. 1-4, 9, and 13.

The date for the hearing on the motion, previously set for Wednesday, June 22, 2005, is VACATED.

**IT IS SO ORDERED.**

Dated: June 21, 2005

                                   /s/
PHYLLIS J. HAMILTON
United States District Judge