**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BUTLER, et al.,

    Plaintiffs,

    v.

ADOPTION MEDIA, LLC, et al.,

    Defendants.

_____/

No. C 04-0135 PJH

**ORDER RE DEFENDANTS' MOTION TO APPLY ARIZONA LAW**

Defendants' motion to apply Arizona law came on for hearing before this court on August 17, 2005. Plaintiffs appeared by their counsel I. Neel Chatterjee and Dominique N. Thomas, and defendants appeared by their counsel Glen E. Lavy and Terry L. Thompson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows for the reasons stated at the hearing.

Plaintiffs in this action allege three causes of action under California law. Defendants now seek a determination that Arizona law, not California law, should be applied in this case. In diversity cases, the district courts apply the choice-of-law rules of the forum state. Darulis v. Garate, 401 F.3d 1060, 1062 (9th Cir. 2005). In California, courts apply the three-step "governmental interest" test. Id. First, the court must determine whether the law of the foreign state actually differs from California law. Id. If so, the court considers each state's interest in having its own law applied to determine whether there is a "true conflict" between their

interests. Id. If the court finds that each state has a legitimate interest, the court then compares the extent to which each state's interest will be impaired if the other state's law is applied. Id.

Defendants argue that Arizona law should be applied both to questions of liability and to the substantive law underlying the plaintiffs' claims. First, defendants contend that Arizona law should be applied to any analysis of whether the individual defendants are the alter egos of the defendant limited liability companies (Adoption Media, LLC, and Adoption Profiles, LLC). In a related argument, they assert that Arizona law should be applied to the question of successor liability of the defendant LLCs, which did not exist at the time of the events giving rise to this lawsuit, and to which defendants Dale and Nathan Gwilliam transferred their interests in Adoption.com in January 2003.

Defendants argue that Arizona law applies because the Beverly-Killea Limited Liability Company Act, Cal. Corp. Code § 17000, et seq., provides for the application of the law of the state of organization (here, Arizona) to issues of liability between an LLC and its management and officers as well as to issues concerning the organization of the LLC. Cal. Corp. Code § 17450(a) ("The laws of the state . . . under which a foreign limited liability company is organized shall govern its organization and internal affairs and the liability and authority of its managers and members."). The court finds, however, that § 17450(a) simply codifies the internal affairs doctrine, as applied to LLCs.[1] In other words, § 17450(a) does not apply to disputes that include people or entities that are not part of the LLC.

---

[1] Under the "internal affairs" doctrine, which is followed in most states, the law of the state of incorporation governs liabilities of officers or directors to the corporation and its shareholders. Shaffer v. Heitner, 433 U.S. 186, 215 n.44 (1977); see also CTS Corp. v. Dynamics Corp. of America, 481 U.S. 69, 89 (1987); Rest. (Second) of Conflict of Laws § 309 and comment (a). Internal corporate affairs involve those matters that are peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders. Edgar v. MITE Corp., 457 U.S. 624, 645 (1982); see Rest. (Second) of Conflict of Laws § 313, comment (a). In general, courts in California follow this rule and apply the law of the state of incorporation in considering claims relating to internal corporate affairs. See Cal. Corp. Code § 2116 (directors of foreign corporation transacting intrastate business are liable to corporation for making of unauthorized dividends, purchase of shares or distribution of assets of false certificates, reports or public notices or other violation of official duty according to applicable laws of state of incorporation); see also Batchelder v. Kawamoto, 147 F.3d 915, 920 (9th Cir. 1998).

1    Defendants also argue that California choice-of-law rules provide for the application of Arizona law because the successor liability laws differ between the two states, and there is no "true conflict" that could justify application of California law.[2]  The general rule for determining the application of successor liability is the same in Arizona and in California: When a corporation sells or transfers its principal assets to a successor corporation, the latter will not be liable for the debts and liabilities of the former unless 1) there is an express or implied agreement of assumption, 2) the transaction amounts to a consolidation or merger of the two corporations, 3) the purchasing corporation is a "mere continuation" or a reincarnation of the seller, or 4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts.  A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co., 172 Ariz. 324, 329 (1992) (citing Ray v. Alad Corp., 19 Cal. 3d 22, 28 (1977)).

    Defendants argue, however, that the courts of the two states apply exception No. 3 – the "mere continuation" exception – differently.  Defendants claim that under Arizona law, successor liability will not be imposed merely because the new company has the same corporate owners, directors, and shareholders as the old company, particularly where the new company does not perform all the same functions as the old (citing Teeters).  They claim that in California, courts may find successor liability where the new company has the same owners and managers (citing Ray).  Thus, defendants assert, because there is a difference in the law in the two states, it is necessary to consider whether there is a "true conflict" that would justify the application of California law.

    Defendants do not dispute that Arizona law and California law are identical on the subject of alter ego liability, and the court finds that the law of each state is also identical with regard to successor liability.  Indeed, Teeters relied on California law (Ray) when it articulated the standard.  The court does not agree with defendants' reading of Teeters.  The Arizona court did not rule, as defendants suggest, that the fact that a successor company has the same owners and directors is a "non-determinative factor" in the "mere continuation" analysis.

---

[2] Defendants concede that there is no difference between the laws of the two states with regard to alter ego liability.

3

1  Rather, the court indicated that under the facts of the case before it, the way the new company
2  had been organized showed that it was not a mere continuation or reincarnation of the old
3  company. The facts in the Teeters case differed substantially from the facts in the Ray case,
4  and defendants have not shown that given cases with substantially similar facts, the courts of
5  the two states would apply the exception differently.

6  Defendants also contend that Arizona law applies to the substantive claims in this
7  case.[3] In the alternative, they assert that the court should defer ruling on this issue pending the
8  California Supreme Court's review of Kearney v. Salomon Smith Barney, Inc., 11 Cal. Rptr. 3d
9  749, review granted, (2004).

10  Defendants argue that California law and Arizona law differ with regard to
11  discrimination based on sex, sexual orientation, and marital status discrimination. Defendants
12  contend, however, that there is no "true conflict" regarding these laws because while Arizona
13  has an interest in determining which business practices that occur in Arizona will subject
14  Arizona businesses to liability, California has little interest in applying its laws to activities that
15  occur in a state where the discriminatory behavior is legal. Defendants assert that Arizona's
16  interests would be more impaired if its laws were not applied, under the theory of
17  "comparative impairment." See Offshore Rental Co.v. Continental Oil Co., 22 Cal. 3d 157,
18  165 (1978) ("true conflicts should be resolved by applying the law of the state whose interest
19  would be more impaired if its law were not applied").

20  Defendants assert that any interest that California might have in the matter is
21  "attenuated." They claim that the California Legislature has chosen not to regulate LLCs that
22  solicit business in California, but which do not execute contracts or have operations in
23  California (citing Cal. Corp. Code § 17001(ap)(2)(F), which defines "transact interstate
24  business" for purposes of the requirement that foreign LLCs that "transact interstate business"

---

[3] Defendants refer only to the Unruh Act cause of action, and do not mention the claim of false advertising under Business & Professions Code § 17500 or the claim of unfair business practices under Business & Professions Code § 17200. The claim under § 17200 incorporates the Unruh Act claim, although the court notes that plaintiffs also assert in the § 17200 cause of action that defendants' actions were fraudulent because their websites mislead and deceive consumers.

4

in California are required to register with the Secretary of State). They submit that the policy interests upon which plaintiffs rely are "unsettled," noting that at the time of the events at issue in this case, it was not clear under California law that two unrelated persons had a right to adopt a child in the state, and no California court had ruled that the Unruh Act prohibited marital status discrimination.

The question whether defendants are bound by California law is the ultimate issue in this case. As the court explained at the hearing, it is a question that is appropriate for consideration and resolution on summary judgment, once discovery has closed and all the facts are known. Accordingly, the court is unwilling to rule on this question in the context of the present motion.

In accordance with the foregoing, the court finds that the motion to apply Arizona law should be DENIED. California law will apply to the questions of alter ego and successor liability, and the parties may request the court to consider the question whether defendants are bound by California law in the dispositive motion or cross-motions that are to be filed after the close of discovery.

**IT IS SO ORDERED.**

Dated: August 26, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge