**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BUTLER, et al.,

    Plaintiffs,

    v.

ADOPTION MEDIA, LLC, et al.,

    Defendants.
_____/

No. C 04-0135 PJH

**ORDER RE MOTION FOR LEAVE TO AMEND THE COMPLAINT**

    Before the court is plaintiffs' motion for leave to file an amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part as follows.

    Plaintiffs seek to amend the complaint to add four defendants – Adoption.com (a general partnership), Adoption Internet Holdings ("AIH" – a general partnership), True North, Inc. ("True North"), and Aracaju, Inc. ("Aracaju").[1] The proposed first amended complaint ("FAC") alleges the same causes of action as the original complaint – violations of California Civil Code § 51 and § 51.5, and violation of California Business & Professions Code § 17200 and § 17500.

---

[1] The current defendants are Dale Gwilliam, Nathan Gwilliam, and two Arizona limited liability companies – Adoption Media LLC and Adoption Profiles LLC.

**DISCUSSION**

A.  Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality").  Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987).  Amendments seeking to add claims are to be granted more freely than amendments adding parties.  Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

B.  Plaintiffs' Motion

In their moving papers, plaintiffs argue that each of the proposed new defendants is either a successor in interest or an alter ego of the current defendants, and that the proposed FAC will therefore not prejudice the defendants.  Plaintiffs also contend that defendants previously agreed to such an amendment in two stipulations agreeing to extend the deadline to amend pleadings, including the addition of new parties.  Plaintiffs claim that they were not prepared to seek leave to amend earlier, asserting that defendants' actions in discovery made it difficult for plaintiffs to ascertain which new parties, if any, should be added as defendants.

Defendants respond that while they may have agreed to extend the time for filing a motion to amend the complaint, they did not agree in advance that plaintiffs could file an amended complaint that defendants had not seen and reviewed.  They contend that plaintiffs still have to meet their burden under Rule 15, and argue that they have not.  Defendants assert that the motion should be denied because the proposed amendment is futile, because allowing plaintiffs to file the proposed FAC would prejudice defendants, and because the motion is brought in bad faith.

1.  Futility of amendment

Defendants claim that the proposed amendment is futile. They argue, first, that the standing requirements under Business & Professions Code § 17200 and § 17500 have changed as a result of the recent enactment of Proposition 64, which precludes a plaintiff from bringing claims on behalf of the general public under California's unfair competition laws ("UCL"). Defendants contend that Proposition 64 is retroactive, and that because plaintiffs do not have standing under the UCL claims, their attempt to add new parties is futile.

Second, defendants claim that because the UCL limits remedies to injunctive relief and restitution, plaintiffs cannot obtain relief. They argue that plaintiffs have no basis for seeking restitution against any of the defendants, because none of the defendants received anything of value from the plaintiffs. They also claim that the pursuit of injunctive relief would be futile, because neither Adoption.com nor AIH owns or controls ParentProfiles.com, as Adoption.com ceased its involvement with ParentProfiles.com long ago, and AIH has not existed as an entity for more than two and a half years.

Third, defendants contend that plaintiffs have no basis for a class action (referring to the allegations in proposed FAC, ¶ 10).

Fourth, defendants argue that the Unruh Act claims are time-barred, and do not relate back to the time of filing the original complaint because plaintiffs had actual notice of Adoption.com's status as an independent entity, but chose not to name it as a defendant at the outset. Defendants reiterate that AIH has no connection to the events alleged in the complaint, as AIH had been out of existence for eleven months at the time the original complaint was filed.

Fifth, defendants assert that the allegations of alter ego and successor liability are bare conclusory allegations that are insufficient to survive a motion to dismiss. They contend that the FAC alleges no facts which, if true, would support a finding of alter ego liability as to any of the current or proposed defendants. Defendants also claim that there are no allegations that meet the elements of successor liability, and no allegations regarding how Adoption Media or Adoption Profiles fits those elements.

3

The court finds that defendants have not established that the proposed amendment would be futile, except with regard to AIH.  First, the court declines to reach the issue of the retroactivity of Proposition 64, which is currently pending before the California Supreme Court.  Second, any question of remedies under the UCL is premature.  Third, plaintiffs have represented that they do not plan on seeking class certification, and are bound by that representation.  Fourth, for purposes of this motion, plaintiffs have articulated a basis to support a finding that the Unruh Act claims against the proposed new defendants relate back to the time of the filing of the original complaint.  Fifth, while it is true that plaintiffs have alleged only limited facts supporting their assertions of alter ego and successor liability, addressing the sufficiency of those claims would be premature at this stage of the litigation; moreover, it may be that defendants have impeded plaintiffs' ability to obtain information regarding the financial interrelationships of the various entities.

2. Prejudice to defendants

Defendants argue that allowing plaintiffs to proceed with the FAC will prejudice both the proposed defendants and the existing defendants.  Defendants contend that adding the general partnerships (Adoption.com and AIH) to the case will prejudice those defendants because they will be forced to appear and defend against time-barred and moot claims.  Defendants also assert that the interests of True North and Aracaju are not necessarily aligned with the interests of the current defendants, such that the same counsel can represent them all.  In addition, they claim that any extension of the discovery period to allow True North and Aracaju to conduct discovery will prejudice the existing defendants, against whom this case has been pending for close to two years.

The court finds that defendants have failed to show any undue prejudice that will result if the motion is granted.  The facts giving rise to the claims against the original defendants appear to be identical to the facts giving rise to the claims against the proposed defendants.  Thus, granting leave to file the proposed FAC will likely not necessitate significant additional discovery and will not delay the trial.

///

4

3.   Plaintiffs' bad faith

Defendants argue that seeking to amend the complaint so late in the litigation constitutes bad faith. Defendants claim that plaintiffs had both notice and knowledge of Adoption.com's status as a separate entity at the time they filed the original complaint, but nonetheless chose not to name Adoption.com as a defendant at that time. Defendants also contend that they advised plaintiffs prior to the filing of the present motion that AIH had been dissolved before the lawsuit was filed. Defendants assert in addition that plaintiffs are aware from discovery and from discussions with defendants' counsel that there is no good faith basis in law or fact for seeking to "pierce the corporate veil" so as to hold True North and Aracaju liable as alter egos of any of the other defendants.

The court finds that defendants have not established that plaintiffs acted in bad faith in seeking to amend the complaint. For the most part, defendants' argument amounts to a claim that plaintiffs cannot state a claim against the new defendants. With regard to Adoption.com, True North, and Aracaju, the court is unwilling to resolve that question without benefit of briefing on a motion to dismiss. With regard to AIH, however, plaintiffs did not respond to defendants' claim that the partnership was defunct before the events occurred that gave rise to this lawsuit.

Accordingly, the court finds that the motion should be GRANTED with regard to adding Adoption.com, True North, and Aracaju as defendants, and DENIED with regard to adding AIH as a defendant. In addition, the FAC shall not include any class allegations. Plaintiffs shall file the FAC no later than November 9, 2005.

The date for the hearing on the motion, previously set for Wednesday, November 9, 2005, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 2, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

5