UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BUTLER, et al.,

    Plaintiffs,

    v.

ADOPTION MEDIA, LLC, et al.,

    Defendants.

_____/

No. C 04-0135 PJH

**ORDER RE MOTIONS TO DISMISS AND MOTIONS TO STRIKE**

    The motion of defendants Adoption Media, LLC; Adoption Profiles, LLC; Dale Gwilliam; and Nathan Gwilliam ("the original defendants") to dismiss the first amended complaint ("FAC") and motion to strike certain allegations in the FAC; the motion of defendants Adoption.com and its general partners Dale Gwilliam and Nathan Gwilliam to dismiss the FAC and motion to strike; and the motion of defendants True North, Inc. ("True North") and Aracaju, Inc. ("Aracaju") to dismiss the FAC came on for hearing before this court on February 8, 2006.

    Plaintiffs appeared by their counsel I Neel Chatterjee, Katherine K. Ikeda, and Paul S. Marchegiani. The original defendants appeared by their counsel Glen Lavy and Dale Schowengerdt. Adoption.com and its general partners appeared by their counsel Douglas C. Fitzpatrick. True North and Aracaju appeared by their counsel David L. Llewellyn. Having read the parties' papers and carefully considered their arguments and good cause appearing, the court hereby rules as follows and for the reasons stated at the hearing.

**DISCUSSION**

1. Original Defendants' Motion to Dismiss

The original defendants argue that the FAC fails to state a claim based on alter ego; that the FAC fails to state a claim against the LLC defendants based on successor liability; that the request for injunctive relief should be dismissed because plaintiffs no longer seek to adopt a child; that the Business and Professions Code § 17200 and § 17500 claims must be dismissed for lack of subject matter jurisdiction; that the original defendants should be dismissed for lack of personal jurisdiction; that the FAC fails to state a claim under the Unruh Act; that the FAC fails to state a claim because California substantive law does not apply in this case; that applying California substantive law would violated the Commerce Clause and the Due Process Clause of the United States Constitution; and that the FAC fails to state a claim for the reasons asserted in defendants original motion to dismiss.

With regard to the motion to dismiss for failure to adequately allege alter ego and successor liability, the court finds that the FAC adequately alleges liability under those two theories. Nevertheless, the court GRANTS the motion, so that plaintiffs may file the proposed second amended complaint ("SAC").

The motion to dismiss the request for injunctive relief is DENIED. The FAC does not allege that plaintiffs are no longer interested in adopting children, and the fact that they have adopted a child since this action was filed, and are not currently certified to adopt by the State of California, does not mean that they might not be re-certified in the future. The court agrees with plaintiffs that this case presents an instance of an alleged injury that is "capable of repetition, yet evading review."

With regard to the remaining grounds asserted in the original defendants' motion, the court has either previously ruled on these issues, or has indicated (in the case of the question of the retroactivity of Proposition 64) that it will not rule until the issue has been determined by the California Supreme Court.

2. Original Defendants' Motion to Strike

The original defendants seek an order striking certain allegations in the FAC – the

references to defendants refusal to provide "services" (plural); the punitive damages allegations; the actual and treble damages allegations; the allegations that the Gwilliam's wives are alter egos of the corporations; the allegations that defendants were on notice of their systematic violation of California law; and the Unruh Act causes of action, for lack of "re-verification."

The motion to strike the plural "services" in the FAC is DENIED.

The motion to strike any potential prayer for punitive damages is GRANTED. The court notes that plaintiffs' counsel stated at the hearing that plaintiffs are withdrawing the request for punitive damages, and that plaintiffs seek only statutory damages with a potential for trebling.

The motion to strike the alter ego allegations as to the wives of defendants Dale and Nathan Gwilliam is GRANTED, as plaintiffs have effectively conceded the point to defendants by omitting the allegations in the proposed SAC.

The motion to strike the allegations regarding the NCLR letter is DENIED, as those allegations implicate the merits of plaintiffs' claims.

The motion to strike the Unhuh Act claims is DENIED, as plaintiffs have submitted the verification.

3.   Adoption.com's (and its General Partners') Motion to Dismiss and Motion to Strike

Adoption.com and its general partners, Dale and Nathan Gwilliam ("the Adoption.com defendants") seek an order dismissing the FAC. Defendants argue that the FAC violates the First Amendment protections against compulsory speech; that the FAC fails to establish grounds for personal jurisdiction; that the assertion of jurisdiction over these defendants violates the Commerce Clause; that the FAC fails to state a claim under the Unruh Act, § 17200, and § 17500; that the claims for injunctive relief are moot; that the alter ego allegations are defective; and that the claims against these defendants are time-barred. The Adoption.com defendants also seek an order striking the residential addresses from ¶¶ 17-18 of the FAC.

The motion to dismiss on First Amendment grounds is DENIED. The court declines

3

to reach this argument at this time. Defendants may raise it again on summary judgment.

With regard to the question of personal jurisdiction over Adoption.com, the court finds that plaintiffs have established a prima facie case of alter ego liability, and the motion is DENIED on that ground.

The motion to dismiss the claims asserted against these defendants as untimely is DENIED. The court previously found that the claims related back to the date of the filing of the original complaint, and the FAC meets the standard under Federal Rule of Civil Procedure 15(c)(3).

The motion to dismiss is DENIED on the remaining grounds asserted by these defendants, as indicated with regard to the original defendants' motion to dismiss.

The motion to strike the residential addresses is GRANTED.

4.   True North's and Aracaju's Motion to Dismiss

True North and Aracaju argue that the claims against them should be dismissed for lack of personal jurisdiction; that the alter ego allegations are insufficient; that True North and Aracaju's membership in the LLC defendants does not make them liable for the claims asserted against the LLC defendants; that the Unruh Act claims are time-barred; and that plaintiffs lack standing to assert claims under § 17200 and § 17500.

The motion to dismiss for lack of personal jurisdiction is DENIED, as plaintiffs have adequately alleged a prima facie case of alter ego liability.

The motion to dismiss the Unruh Act claim as time-barred is DENIED, as the court previously found that the claims asserted against these defendants related back to the date of the filing of the original complaint.

The motion to dismiss the §§ 17200 and 17500 claims is DENIED, for the reasons stated with regard to the original defendants' and Adoption.com defendants' motions to dismiss.

**CONCLUSION**

Plaintiffs shall file the second amended complaint no later than March 15, 2006. The court will not entertain any further motions to dismiss.

4

With regard to motions for summary judgment, plaintiffs may file a motion, and defendants may file a motion. Plaintiffs shall file a single memorandum of points and authorities, not to exceed 30 pages. Defendants' opposition to plaintiffs' motion shall not exceed 30 pages. Plaintiffs' reply shall not exceed 20 pages.

Defendants' motion must be jointly filed by all defendants. Defendants may file one memorandum of points and authorities not to exceed 35 pages on the issues of alter ego and successor liability, and they may file a second memorandum of points and authorities not to exceed 40 pages on all other issues on the merits. Plaintiffs' opposition to the motion regarding alter ego and successor liability shall not exceed 30 pages, and the reply shall not exceed 20 pages. Plaintiffs's opposition to the motion regarding the remaining issues shall not exceed 35 pages, and the reply shall not exceed 20 pages.

**IT IS SO ORDERED.**

Dated: March 13, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge