UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BUTLER and RICHARD BUTLER,

    Plaintiffs,

    v.

ADOPTION MEDIA, LLC, et al.,

    Defendants.

_____/

No. C 04-0135 PJH

**ORDER RE REQUESTS TO FILE DOCUMENTS UNDER SEAL**

    Plaintiffs' administrative request to file under seal Exhibit J to the Declaration of Glen Lavy in Support of Defendants' Joint Motion for Summary Judgment ("Lavy Declaration") is GRANTED in part and DENIED in part. The document shall be filed with plaintiff Michael Butler's e-mail address redacted. However, because defendants electronically filed the Lavy Declaration as "part 1 of 6, part 2 of 6," and so forth, rather than manually filing the entire declaration or filing the exhibits separately, it is impossible for the court to easily determine where within those six "parts" Exhibit J might be located. In order to file the original version of Exhibit J under seal, and replace the currently-filed version with a redacted version, defendants must contact the ECF "help desk" and request that the "part" of the Lavy Declaration containing Exhibit J be "locked." Defendants shall then submit the

unredacted version for filing under seal, with a proposed order, as provided in Civil Local Rule 79-5.

Defendants' administrative request to file under seal portions of Exhibits A and B to the Lavy Declaration; and request to file under seal in their entirety Exhibits A through J, L, O, U through X, and AA to the Declaration of Dale R. Gwilliam in Support of Defendants' Joint Motion for Summary Judgment ("DRG Declaration"); and Exhibit B to the Declaration of Nathan W. Gwilliam in Support of Defendants' Joint Motion for Summary Judgment are DENIED as insufficiently "narrowly tailored to seek sealing only of sealable material," see Civil L.R. 79-5, and/or as failing to establish "compelling reasons" for the requests, see Kamakana v. City and County of Honolulu, __ F.3d __, 2006 WL 1329926 (9th Cir., May 17, 2006).

For similar reasons, defendants' administrative request to file under seal in its entirety Exhibit 6 to the Declaration of Theresa A. Sutton in Support of Plaintiffs' Motion for Summary Judgment ("Sutton Declaration"); and page 12 and lines 1-7 of page 128 of Exhibit 13 to the Sutton Declaration is DENIED as insufficiently particularized and as failing to state "compelling reasons."

In light of the Ninth Circuit's discussion of the right of access to judicial records in Kamakana and other decisions, it is unlikely that this court will grant a request to seal any of the exhibits in this case in their entirety. Moreover, it is insufficient under Local Rule 79-5 and Kamacana for a party – as plaintiffs have done here – to request that a document or a portion of a document be sealed, and then provide a general "laundry list" of reasons, without identifying the specific item of allegedly confidential information and stating which specific compelling reason justifies the request for a sealing order. For example, a request to file under seal an unredacted version of Exhibit W to the DRG Declaration, and to file in the public file a redacted version of that document with the e-mail address of ParentProfiles.com applicant "Linda" blacked out would be approved, provided plaintiffs state a specific and compelling reason for that redaction. In the case of Exhibit X to the DRG Declaration, a request to file an unredacted version under seal and to file in the public

file a version of the document with the credit card account number redacted would be approved based on the provisions of Civil Local Rule 3-17.

No later than May 24, 2006, defendants may resubmit their requests in accordance with the standards set forth in Local Rule 79-3 and <u>Kamakana</u>.

**IT IS SO ORDERED.**

Dated: May 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge